## COMMONWEALTH *vs.* JESUS CASTILLO.

No. 01-P-478.

Worcester. March 21, 2002. - August 9, 2002.

Present: LAURENCE, GILLERMAN, & MILLS, JJ.

*Indecent Assault and Battery. Practice, Criminal,* Instructions to jury. *Words,* "Indecent."

The evidence at a criminal trial was sufficient to establish the indecency element of indecent assault and battery under G. L. c. 265, § 13H, where the intentional, unjustified, and nonconsensual insertion of the defendant's tongue into the victim's mouth could constitute assaultive conduct which society deems indecent, given the considerable age disparity between the defendant and the victim, the authority disparity, the fact that the touching was effected by a degree of force, the somewhat secretive conversations between the defendant and the victim that preceded the touching, and the instruction by the defendant to the victim after the touching to remain silent as to what had just occurred. [565-567]

At the trial of indictments charging indecent assault and battery, the judge properly declined to include in the instructions to the jury language that would have constrained the offense by requiring the Commonwealth to prove the touching of specific body parts, where nothing suggested that the Legislature intended to restrict indecent assault and battery to touchings of the breasts, abdomen, buttocks, pubic area or inner thigh. [567-568]

INDICTMENTS found and returned in the Superior Court Department on September 17, 1999.

The case was tried before *James P. Donohue,* J.

*James Hammerschmith,* Committee for Public Counsel Services, for the defendant.

*John J. Conte,* District Attorney, *& Sandra L. Hautanen,* Assistant District Attorney, for the Commonwealth, submitted a brief.

MILLS, J. The defendant was charged in two identically-worded indictments with indecent assault and battery on a person fourteen years of age or older, G. L. c. 265, § 13H. A

jury returned a guilty verdict on one indictment, and a not guilty verdict on the other. The defendant now claims that the evidence that he forced his tongue into a fourteen year old girl's mouth was insufficient to establish the offense of indecent assault and battery, and that because it is not possible to tell which alleged incident supported the one guilty verdict, his conviction must be reversed. He also claims error in the judge's refusal to instruct that an indecent touch must be proven as to the "complainant's private parts . . . such as 'the breasts, abdomen, buttocks, thighs or pubic area.' " We affirm.

*Background.* The jury could have found the following facts. Tiffany (a pseudonym), a fourteen year old female, spent the night, for the first and only time, at the home of her friend, Alice (a pseudonym). On the following afternoon, Alice's stepfather, the defendant (in his mid-thirties) was running some errands around the house and at some point, while doing laundry, called from the basement of the home requesting an extension cord. Tiffany took the cord to the basement and, after a brief conversation, the defendant "grabbed [her] hand . . . pulled [her] towards him and . . . started kissing [her] . . . [o]n the lips, with his tongue." Tiffany testified that the defendant "had his tongue out of his mouth and put his tongue in [her] mouth."

When Tiffany was touched, she was "scared," "in total shock," and did not know what to do. After the touching, she physically "pushed him away" and told him not to do that. The defendant then held her hand and said, "Don't tell anybody. I don't want news to travel." Tiffany further testified that she did not expect the defendant to kiss her, had never kissed the defendant in the past, and had never talked to the defendant about kissing her. Tiffany subsequently returned to the living room.

Shortly thereafter, the defendant called for Tiffany to return to the basement. Instead of complying, she went upstairs to the second floor, ostensibly "to go to the bathroom," but actually she went to Alice's bedroom, from which she telephoned her mother to request a ride home. While she was in Alice's bedroom, the defendant knocked on the door and Tiffany opened it "because [she] didn't know what else to do. [She] didn't

know if it might have been [Alice]." When she opened the door, the defendant appeared, took Tiffany's hand, pulled her toward him and touched her in the same way as before, with his tongue and on her lips. Tiffany told the defendant not to do that and attempted to push him away, but the defendant held her closer and placed his hand down her shirt and into her bra. She testified that he touched her breast and the nipple of her breast. Tiffany again resisted, and the defendant withdrew his hand from her shirt, held her hand and told her not to tell anyone.

*The forced mouth and tongue touching.* The defendant first claims that there was insufficient evidence to establish the indecency element of indecent assault and battery under G. L. c. 265, § 13H, as to the forced touching in the basement. He argues that his behavior may have been offensive, but was not indecent because the touching did not involve "portions of the anatomy ·commonly thought private," whereas the word "indecent" must be read very narrowly and, in consideration of case law, be restricted to the touching of "the breasts, abdomen, buttocks, thighs, and pubic area of a female." See *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. 52, 59 (1982). The defendant argues that the contact in the basement was not indecent because it was brief and nonviolent, and although it was without consent, was not a touching of the "sexual or other intimate parts" of Tiffany's person. We hold that the evidence of the defendant's behavior in the basement and in the second floor bedroom was sufficient to establish separate offenses under the statute, even though the jury found him not guilty of one of the matching indictments. Accordingly, it makes no difference which incident was the basis for the jury's verdict of guilty. See *Commonwealth* v. *Comtois*, 399 Mass. 668, 676 (1987).

"The type of conduct that constitutes indecent assault and battery on a person over fourteen years of age is not defined in G. L. c. 265, § 13H." *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184 (1991). This court, however, has stated:

> "The test for indecent assault and battery . . . is an objective one that is bounded by 'contemporary moral values' "
> . . . . The measure of indecency is "common understanding and practices.' *Commonwealth* v. *Conefrey*, 37 Mass.

App. Ct. 290, 300 (1994), *S.C.,* 420 Mass. 508 (1995), quoting from *Commonwealth* v. *De La Cruz,* 15 Mass. App. Ct. 52, 59 (1982). A touching is indecent when, judged by the 'normative standard' of societal mores, it is 'violative of social and behavioral expectations,' *Commonwealth* v. *Gallant,* 373 Mass. 577, 580-581, 589 (1997), in a manner 'which [is] fundamentally offensive to contemporary moral values . . . [and] which the common sense of society would regard as immodest, immoral and improper.' *Commonwealth* v. *Mosby,* 30 Mass. App. Ct. 181, 184 (1991), quoting from *Commonwealth* v. *Perretti,* 20 Mass. App. Ct. 36, 43 (1985). So defined, the term 'indecent' affords a 'reasonable opportunity for a person of ordinary intelligence to know what is prohibited.' *Commonwealth* v. *Conefrey,* 37 Mass. App. Ct. at 302, quoting from *Commonwealth* v. *Jasmin,* 396 Mass. 653, 655 (1986)."

*Commonwealth* v. *Lavigne,* 42 Mass. App. Ct. 313, 314-315 (1997).

When evaluating evidence of alleged indecent behavior, we consider all of the circumstances. *Id.* at 316. Further, the list of anatomical parts and areas referred to in *Commonwealth* v. *Mosby, supra* at 185, and the Model Jury Instructions for Use in the District Court, Instruction 5.403 (1995), as being private areas has never been declared to be exhaustive as the defendant contends.[1] Such sources may be read to include other parts of the body — whether clothed or unclothed — that, if intentionally and unjustifiably touched, would violate "our contemporary views of personal integrity and privacy." *Commonwealth* v. *Lavigne, supra* at 315. Intentional, unjustified, and nonconsensual insertion of one's tongue into the mouth of another can,

---

[1]"It has been held that the intentional, unjustified touching of private areas *such as* 'the breasts, abdomen, buttocks, thighs, and pubic area . . .' constitutes an indecent assault and battery" (emphasis supplied). *Commonwealth* v. *Mosby,* 30 Mass. App. Ct. at 184, quoting from *Commonwealth* v. *De La Cruz,* 15 Mass. App. Ct. at 59.

"An assault and battery is 'indecent' if it involves touching portions of the anatomy commonly thought private, *such as* a person's genital area or buttocks, or the breasts . . ." (emphasis supplied). Model Jury Instructions for Use in the District Court, Instruction 5.403 (1995).

under certain circumstances, constitute such "assaultive conduct which society deems indecent."[2] *Id.* at 316.

In this case, there is a considerable age disparity between the defendant (mid-thirties) and the victim (fourteen), and an obvious disparity in experience and sophistication. There was also an authority disparity: the defendant was the stepfather of the victim's friend. Further, the first forced tongue insertion took place surreptitiously in the basement while others were upstairs and unaware. It was, moreover, effected by a degree of force — the defendant "grabbed" the victim, pulled her to himself, and forced his tongue into her mouth. The victim retreated, was frightened, and verbally expressed her lack of consent to the defendant's conduct.

Also, prior to the forced touching in the basement, somewhat secretive conversations between the defendant and the victim included provocative remarks by the defendant to the victim, such as, "It will just be our little thing. When I smile, you smile back, and we will know what we're saying" and, "Don't tell anybody, but I think you're pretty. . . . I don't want word to travel or anything, but what do you think of me?" Furthermore, after the complained-of behavior in the basement, the defendant instructed the victim to remain silent as to what had just occurred. In consideration of all these circumstances, we conclude that there was sufficient evidence to establish the elements of the crime under the relevant standard. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979).

*Jury instructions.* The defendant also complains that the judge erred in refusing to include in the jury charge certain language from the defendant's proposed jury instruction. Citing *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. at 59, the defendant requested the judge to charge the jury that

"[a]n 'indecent' assault and battery is one which involves

---

[2]In *Commonwealth* v. *Mamay*, 407 Mass. 412 (1990), the defendant inserted his tongue into the victim's mouth, and raped her vaginally and anally. Upon an appeal addressing only the issue of duplicative convictions, and not considering the sufficiency of evidence or the definition of indecent assault and battery, the court commented that "[t]here is evidence of two distinct acts of rape and one act of indecent assault and battery *in this scenario*" (emphasis added). *Id.* at 418.

the touching of the complainant's private parts. It must be proved beyond a reasonable doubt that the defendant intentionally and without justification touched the private areas of the complainant such as 'the breasts, abdomen, buttocks, thighs or pubic area of a female.' "

The judge's instructions properly stated the elements of the crime and he correctly instructed the jury that, "[f]or example . . . it has been determined that the unconsented to fondling of a woman's breast, touching her buttocks, or reaching between her legs *may* constitute an indecent assault and battery" (emphasis supplied). The defendant's proposed instruction would have effectively constrained the definition of the offense by requiring the Commonwealth to prove the touching of specific body parts. Our use of such language in *De La Cruz* was merely illustrative of possible examples of indecent touching and was not meant to be limiting. Because requiring such proof alters the accepted meaning of the term "indecent," the judge "appropriately rejected the defendant's proposed jury instruction." *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. at 301.

The defendant argues that the word "indecent" must be more narrowly construed because it is used in a criminal statute, and that the cases and the Model Penal Code intimate, imply, or suggest that indecent assault and battery is restricted to an exclusive list of anatomical parts that, at the very most, can include only "private parts," as that phrase has been commonly understood, which is essentially the breasts, abdomen, buttocks, pubic area and inner thigh. These authorities do not support the proposition that the Legislature intended indecent assault and battery to apply only to the touchings mentioned in the defendant's proposed exclusive anatomical list.

*Judgment affirmed.*