SINGH, J.
*829 *136 Following a jury trial in the Superior Court, the defendant was convicted of two counts of indecent assault and battery on a child,[1] subsequent offense,[2] and sentenced to fifteen years to fifteen years and one day in State prison.[3] On appeal, the defendant argues that there was insufficient evidence to support *137 his convictions. We agree and therefore reverse the judgments and set aside the verdicts.
Facts. In the light most favorable to the Commonwealth, the jury could have found the following facts. Jane (a pseudonym), a thirteen year old girl, was an intern at an aviation company in the summer of 2014. While she was working one day, the defendant, an almost sixty year old man whom she had met before at the airport, waved her over to him. After a brief conversation, the defendant told her that he would like to get her a gift for her upcoming birthday. He said that he would like to give her a hug, but that they should do it in another room. Jane went into a nearby hallway for a while, waited, and then returned to work after a couple of minutes. When she later saw him again in the airplane hangar, she asked if the defendant still wanted the hug,[4] and he hugged her briefly around the shoulders.
The defendant then asked if Jane wanted another hug, and said that they should go into another room. He led her to a separate room, with no one else present. He gave her a second hug, a little tighter, with a kiss on the neck. This was not "anything that necessarily alarmed [her]" because she believed it was consistent with the way people of "European descent" greeted each other.[5]
The defendant then gave Jane a third hug without her permission, which was lower down, on her waist and hips. He held her "very tight ... like a hug [she] would receive from [her] parents." At this point, she felt "a little bit alarmed" and thought the defendant's behavior was "kind of odd."[6]
The defendant then stepped back with one hand grabbing her polo shirt at her right hip, "lifting it slightly," but not exposing or touching any of her skin. He also grabbed Jane's hand. After starting to lift the shirt, he paused, and put it down. He then asked her to turn around, and she did, becoming increasingly concerned. The *830 defendant then told her she was very tall, and he walked out of *138 the room.[7]
Discussion. At the close of the Commonwealth's case, the defendant moved for required findings of not guilty, which was denied. The defendant argues that the judge erred because there was insufficient evidence to establish that the assaults in question were indecent. In reviewing the motion's denial, we examine "whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime was present." Commonwealth v. Hilton, 398 Mass. 63, 64, 494 N.E.2d 1347 (1986). See Commonwealth v. Latimore, 378 Mass. 671, 676-678, 393 N.E.2d 370 (1979). No essential element of the crime may be left to a jury's conjecture, surmise, or guesswork. Commonwealth v. Kelley, 359 Mass. 77, 88, 268 N.E.2d 132 (1971).
To sustain a conviction of indecent assault and battery on a child, the Commonwealth must prove, beyond a reasonable doubt, that (1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent. See G. L. c. 265, § 13B. See also Instruction 6.500 of the Criminal Model Jury Instructions for Use in the District Court (3d ed. 2009). There is no issue on appeal as to the sufficiency of the evidence on the first two elements. There is also no real dispute as to the facts as they could be found, in the light most favorable to the Commonwealth. The question is whether, on those facts, the evidence was sufficient to establish that the defendant's touching of Jane was "indecent."
We have "held that the intentional, unjustified touching of private areas such as 'the breasts, abdomen, buttocks, thighs, and pubic area of a female' " is indecent pursuant to the statute. Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184-185, 567 N.E.2d 939 (1991), quoting from Commonwealth v. De La Cruz, 15 Mass. App. Ct. 52, 59, 443 N.E.2d 427 (1982). These areas have been "classified as sexual parts of the body." Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 625, 818 N.E.2d 621 (2004). The list is not exhaustive, however, and "a touching need not be confined to these listed areas of the body to be deemed indecent." Commonwealth v. Miozza, 67 Mass. App. Ct. 567, 571, 854 N.E.2d 1258 (2006). Indeed, in addition to the listed areas, the mouth and its interior have been held to be intimate parts of the body, in certain *139 circumstances. See Commonwealth v. Mamay, 407 Mass. 412, 418, 553 N.E.2d 945 (1990) (doctor's tongue inserted into patient's mouth); Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 566-567, 772 N.E.2d 1093 (2002) (defendant forced his tongue into mouth of his stepdaughter's fourteen year old girl friend).
There is no allegation here that the defendant had any physical contact with Jane involving any of the body parts that previously have been held to be intimate. We recognize that, in certain circumstances, "the touching of other intimate parts ... may violate contemporary views of personal integrity and privacy." Commonwealth v. Vazquez, 65 Mass. App. Ct. 305, 307, 839 N.E.2d 343 (2005). "[I]ntimacy, as regards parts of the body, must be viewed within the context in which the contact takes place." Commonwealth v. Rosa, 62 Mass. App. Ct. at 625, 818 N.E.2d 621, quoting from *831 People v. Rivera, 138 Misc.2d 570, 525 N.Y.S.2d 118, 119 (N.Y. Sup. Ct. 1988).
"When evaluating evidence of alleged indecent behavior, we consider all of the circumstances." Commonwealth v. Castillo, 55 Mass. App. Ct. at 566, 772 N.E.2d 1093. Our caselaw has established that an indecent touching is one that is "fundamentally offensive to contemporary moral values," Commonwealth v. Mosby, 30 Mass. App. Ct. at 184, 567 N.E.2d 939 (quotation omitted), and that "society would regard as immodest and improper because of its sexual overtones." Commonwealth v. Ortiz, 47 Mass. App. Ct. 777, 779, 716 N.E.2d 659 (1999). The test for indecency is objective, turning on the nature of the conduct rather than the defendant's intent. See Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 314, 676 N.E.2d 1170 (1997).
In the past we have looked to any disparity in age and sophistication between the parties to inform our understanding of the act in question. See Commonwealth v. Castillo, 55 Mass. App. Ct. at 567, 772 N.E.2d 1093. Here the disparity between the almost sixty year old defendant and thirteen year old Jane was substantial. We have also looked to the existing relationship between the parties as well as any surreptitious behavior. See ibid. Here, the defendant was not well-known to Jane, and the defendant led her to a more private area. With this context, the jury readily could have found, not only that the defendant's actions were inappropriate, but also that he knew that they were so. The narrow question before us is not whether the defendant's actions were wrong, but whether his conduct amounted to an indecent touching. Thus, context alone is not determinative and we must further examine the touchings alleged.
As to the hug, Jane described it as tight, like a hug that her parents would give her, tending to suggest that, although overly *140 familiar, the contact itself was not sexual. No suggestive comments, propositions, or gestures accompanied the hug, compare Commonwealth v. Rosa, 62 Mass. App. Ct. at 624, 818 N.E.2d 621 (defendant stuck his thumb into mouth of eleven year old neighbor girl and asked her if she knew how to suck on it, if she wanted to suck on it, if she wanted to make it wet), and there was no indication that the contact lasted for any noteworthy amount of time. Compare Commonwealth v. Vazquez, 65 Mass. App. Ct. at 309, 839 N.E.2d 343 (uncle's open mouthed kiss on lips of twelve year old niece lasted longer than familiar peck on cheek). Certainly, contact taking place during a hug may constitute indecency. See, e.g. Commonwealth v. Holman, 51 Mass. App. Ct. 786, 792-793, 748 N.E.2d 509 (2001) (defendant rubbed buttocks of his girl friend's twelve year old daughter while hugging her). Here, however, there were no such additional circumstances present.
Considering the incident in the context of its attendant circumstances and in the light most favorable to the Commonwealth, we conclude that there was insufficient evidence to establish that the hug intruded upon a private or intimate area of the body so as to be considered "indecent" within the meaning of the criminal statute.
As to the defendant grabbing Jane's shirt at the hip and lifting it, here too the Commonwealth's evidence was insufficient to establish indecency. We have held previously that, in certain circumstances, removing a person's clothes may constitute indecent assault and battery. See Commonwealth v. Kopsala, 58 Mass. App. Ct. 387, 393, 790 N.E.2d 1093 (2003) (upholding conviction for indecent assault and battery where defendant "pulled up *832 the victim's shirt, exposing her breasts, unbuttoned her jeans and pulled them off, and removed her panties"). See also A.P. v. M.T., 92 Mass. App. Ct. 156, 164, 84 N.E.3d 35 (2017) (in certain circumstances, removing dress and underwear of four year old child could constitute indecent assault and battery).
In contrast to the conduct in those cases, however, the defendant's slight lifting of Jane's shirt at her hip resulted in no exposure of any part of her body, let alone any intimate part. Again, we conclude that the evidence was insufficient to establish that the defendant's conduct intruded upon a private or intimate area of the body so as to be considered "indecent" within the meaning of the criminal statute.
In holding that the evidence was insufficient in this case, we note that analysis of the evidence of alleged indecent contact is *141 highly fact-specific. While the defendant's general conduct toward Jane may well have crossed acceptable norms of appropriate behavior, we cannot say that the touchings themselves, even in context, were indecent for purposes of a criminal conviction of indecent assault and battery under G. L. c. 265, § 13B. For the reasons stated above, the judgments are reversed and the verdicts are set aside.[8] Judgment shall enter for the defendant.
Judgments reversed.
Verdicts set aside.
Judgment for the defendant.

The defendant was acquitted of a third count of indecent assault and battery on a child, subsequent offense, as well as one count of child enticement related to the same incident. The Commonwealth nol prossed one count of simple assault and battery before the case went to the jury.

After jury trial on the underlying charges, the defendant pleaded guilty as to the subsequent offense portion of the indictments, acknowledging that he previously had been convicted of indecent assault and battery on a person fourteen years or older, more than twenty years prior.

The subsequent offense portion of the indictments entailed a minimum mandatory sentence of fifteen years imprisonment. See G. L. c. 265, § 13 ¾.

Jane testified that she was an honors student, and that she had Asperger's Syndrome, which did not affect her ability to understand everyday events, but sometimes made it difficult for her to "deal with social nuances."

This incident was the basis for the indictment charging subsequent offense indecent assault and battery on a child, "to wit: mouth on neck." The jury acquitted the defendant of this count.

This incident was the basis for the jury's guilty verdict on the indictment charging subsequent offense indecent assault and battery on a child, "to wit: hug."

This incident was the basis for the jury's guilty verdict on the indictment charging subsequent offense indecent assault and battery on a child, "to wit: hand on waist."

While the defendant's behavior toward Jane may have constituted the criminal offense of assault and battery, in the sense of an intentional, but unconsented to, touching, simple assault and battery is not a lesser included offense of indecent assault and battery on a child, because lack of consent is not an element of the latter charge. See Commonwealth v. Farrell, 31 Mass. App. Ct. 267, 268-269, 576 N.E.2d 710 (1991).