NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-1091                                          Appeals Court

COMMONWEALTH  vs.  JOHNNY COLON.

No. 17-P-1091.

Plymouth.       April 13, 2018. - July 12, 2018.

Present:  Green, C.J., Desmond, & Englander, JJ.

Indecent Assault and Battery.  Practice, Criminal, Required
     finding.  Constitutional Law, Vagueness of statute.  Due
     Process of Law, Vagueness of statute.

Complaint received and sworn to in the Wareham Division of the District Court Department on October 9, 2015.

The case was heard by Therese M. Wright, J.

Michelle A. Dame for the defendant.
Dan A. Jimenez, Assistant District Attorney, for the Commonwealth.

ENGLANDER, J.  The defendant challenges the sufficiency of the evidence to convict him of indecent assault and battery on a child under fourteen, where he hugged the victim for a prolonged time while extensively licking in and around her ear.  We hold

that the evidence, in context, was sufficient to support the conviction, and that the criminal offense of indecent assault and battery on a child under fourteen is not unconstitutionally vague as applied to the facts here.

Background. We recite the facts in the light most favorable to the Commonwealth. The defendant and the victim met for the first time at a family barbecue on September 6, 2015. The defendant was fifty-eight years old at the time; the victim, thirteen. The family relationship was distant; the defendant was the brother of a relative of the victim's stepfather. There were twelve to fifteen people at the barbecue.

Sometime during the barbecue the victim was introduced to the defendant; the victim testified that during the barbecue the defendant was looking at her in a way that made her "uncomfortable." As the barbecue was winding down, the victim went to leave and encountered the defendant in a doorway. The defendant put his arms out for a hug; no one else was present, as the remaining guests were in another room at the time. The victim hugged the defendant. The defendant then pulled the victim to him, "right on his chest," and "wouldn't let [the victim] go." The defendant then began licking the victim's ear, including licking all around her three ear piercings, and inserting his tongue in her ear. The victim tried to get away, but the defendant held on. The hugging and ear licking went on

for a prolonged period; the victim testified, "I honestly don't know [the] exact time, but it felt like forever." When another of the victim's relatives came in the vicinity and called her name, the defendant pushed the victim away and she left.

The trial was jury-waived. The judge convicted the defendant of indecent assault and battery on a child under fourteen, in violation of G. L. c. 265, § 13B; as to this charge the defendant was sentenced to two and one-half years in the house of correction, with ninety days to serve, the balance suspended for two years' probation.[1]

On appeal, the defendant raises two issues: first, that the evidence of ear licking and hugging was insufficient to constitute indecent assault and battery as a matter of law, and second, that the term "indecent" in the criminal statute is not sufficiently defined and therefore is unconstitutionally vague.

Discussion. a. Sufficiency of the evidence. As to the defendant's first argument, we review a challenge to sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements

---

[1] The defendant was additionally charged and convicted of assault and battery; the defendant raises no challenge to that conviction.

of the crime beyond a reasonable doubt." Commonwealth v. Lattimore, 378 Mass. 671, 677 (1979) (quotation omitted).

To sustain a conviction of indecent assault and battery on a child, the Commonwealth must prove "that (1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent." Commonwealth v. Cruz, 93 Mass. App. Ct. 136, 138 (2018). See G. L. c. 265, § 13B. There is no issue on appeal as to the sufficiency of the evidence on the first two elements. Rather, the question on appeal is whether, on these facts, the evidence was sufficient to establish that the unwanted touching by the defendant was "indecent."

Several of our cases have addressed the question of what conduct constitutes "indecent" assault and battery. We have stated that "the intentional, unjustified touching of private areas such as the breasts, abdomen, buttocks, thighs, and pubic area of a female constitutes an indecent assault and battery." Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991) (quotation omitted). These areas have been classified as "sexual parts." Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 625 (2004). But this list "is not intended to be exhaustive," and our cases have held that the unjustified touching of other areas of the body may also qualify as indecent, depending upon

context.  Ibid.  The mouth, in particular, has been recognized as an "intimate" body part, and we have held that the insertion of a tongue during a kiss, Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 565-567 (2002), and the insertion of fingers into the mouth coupled with sexual commentary, can constitute indecency.  Rosa, 62 Mass. App. Ct. at 624-626.

In an effort to define an "indecent touching" more generally, we have said that it is a touching that is "fundamentally offensive to contemporary moral values," Mosby, 30 Mass. App. Ct. at 184 (quotation omitted), and that "society would regard as immodest and improper because of its sexual overtones . . . ."  Commonwealth v. Ortiz, 47 Mass. App. Ct. 777, 779 (1999).  See Commonwealth v. Miozza, 67 Mass. App. Ct. 567, 572 (2006).  The test is an objective one, see Castillo, 55 Mass. App. Ct. at 565, and our cases have set forth several other guideposts for consideration, to wit:  whether there is a disparity in age and sophistication between assaulter and victim; whether there is an existing relationship between them; and, whether there is evidence of surreptitious behavior or the use of force.  See id. at 567; Cruz, 93 Mass. App. Ct. at 139.  These guideposts can help to separate conduct that is objectively offensive and sexual from conduct that may in fact be innocent.

Applying these standards, we have no difficulty concluding that there was sufficient evidence of an indecent assault and battery here. While ears may not be on the list of "sexual parts," they are intimate enough so that the insertion of a tongue into an ear can reasonably qualify as "indecent." Indeed, here it is very difficult to credit any suggestion that the conduct was not sexual in nature -- unlike a hug or a kiss, an extended ear licking is not normal behavior between persons who are not intimate. And of course, here the evidence of context adds greatly to the calculus. The age disparity was substantial - - fifty-eight to thirteen. The location of the contact was sufficiently separate from the others at the barbecue that it could be found to be surreptitious -- particularly where the defendant broke off his conduct as soon as another person was in the vicinity. This behavior tends to confirm not only that the conduct was improper, but that the defendant knew it was. See Rosa, 62 Mass. App. Ct. at 626. Importantly as well, there was an element of force used here -- the victim testified that she tried to break away, but the defendant would not let go. There was more than sufficient evidence for the judge to find "indecency."

b. Vagueness. The defendant argues, alternatively, that "indecent assault and battery," as defined under G. L. c. 265, § 13B, is unconstitutionally vague, because "persons of common

intelligence must necessarily guess at its meaning." Commonwealth
v. Quinn, 439 Mass. 492, 499 (2003) (quotation omitted). The
defendant urges that "based on how the statute has previously been
defined and interpreted," one would not know that licking an ear
could qualify as "indecent."

We disagree. A statute is not unconstitutionally vague
merely because its terms require judicial construction, or
because "it requires a person to conform his conduct to an
imprecise but comprehensible normative standard." Commonwealth
v. Gallant, 373 Mass. 577, 580 (1977) (quotation omitted). The
vagueness challenge is to the statute as applied to the
defendant's facts. See id. at 581, quoting from United States
v. Powell, 423 U.S. 87, 92 (1975) ("[V]agueness challenges to
statutes which do not involve First Amendment freedoms must be
examined in the light of the facts of the case at hand"). Here,
once again, we have no difficulty concluding that the
defendant's conduct fell comfortably within those behaviors that
are encompassed within the standards for "indecency" previously
set forth in our cases -- because the conduct was "fundamentally
offensive," and "immodest and improper because of its sexual
overtones." Moreover, nothing in our prior cases suggests that
the conduct at issue would not qualify as indecent. Under the
above standards there is no material difference between the
intentional insertion of a tongue into the victim's mouth in

Castillo, and the defendant's intentional insertion of his tongue into the victim's ear, here.

Recently, in Commonwealth v. Cruz, 93 Mass. App. Ct. 136 (2018), we addressed facts that were not sufficient to constitute indecency. Those facts included a brief but tight hug, "like a hug [the victim's] parents would give her," a kiss on the neck, which in the victim's words was "not anything that necessarily alarmed her," and the slight lifting of a corner of the victim's shirt, but without exposing or touching of skin. Id. at 137. While the majority and concurring opinions in Cruz help to further define the boundaries of indecent assault, the facts here are plainly distinguishable from Cruz. This case does not involve a parental-like hug and a brief kiss on the neck; it involves a forced hug that "felt like forever," coupled with the licking of an ear, and the insertion of a tongue "over and over again."[2] See id. at 137-139. There is nothing unconstitutionally vague about the term "indecent" as applied to these facts.

Judgments affirmed.

---

[2] Indeed, the defendant's conduct was "overtly sexual based upon objective standards," and thus would satisfy the standard proposed in the concurring opinion in Cruz. See id. at 144.