NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-1394                                        Appeals Court

COMMONWEALTH  vs.  EDEMAR J. BENEDITO.


No. 18-P-1394.

Middlesex.    May 14, 2019. - June 27, 2019.

Present:  Blake, Henry, & McDonough, JJ.


Indecent Assault and Battery.  Practice, Criminal, Required
     finding.


     Complaint received and sworn to in the Lowell Division of
the District Court Department on August 3, 2017.

     The case was tried before J. Elizabeth Cremens, J.


     Eric W. Ruben for the defendant.
     Timothy M. Federico, Assistant District Attorney, for the
Commonwealth.


     HENRY, J.  While the defendant was naked, he kissed his

girlfriend's sister on the mouth, without insertion or attempted

insertion of the tongue, while she was sleeping and without her

consent.  The question is whether such circumstances present

sufficient evidence for a conviction of indecent assault and

battery on a person over the age of fourteen, in violation

of G. L. c. 265, § 13H.  We conclude that they do and affirm the judgment.

Background.  Viewed in the "light most favorable to the Commonwealth," the jury could have found as follows.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  In November of 2016, the then twenty-three year old victim went to her sister's (Maricel)[1] apartment around 11:30 P.M.  Upon realizing that Maricel and her boyfriend, the forty-two year old defendant,[2] were asleep in Maricel's bed, the victim fell asleep fully clothed on the living room couch.

At some point in the night, the victim awoke to the defendant kissing her on the lips.  The defendant was naked, kneeling next to the couch, and hovering over the victim.  The victim stood up and shouted, "What are you doing?  Why are you doing this?"  The defendant replied, "I couldn't help myself.  I didn't know what I was doing."

The victim immediately went to Maricel's bedroom for help.  Maricel, who was woken up by the victim's screaming, went into the living room and saw the defendant unclothed, who by that time had a towel wrapped around his waist.[3]  The defendant then

---

[1] A pseudonym.

[2] There was no testimony as to the defendant's age at trial. However, the jury could observe his appearance and the criminal complaint states his date of birth and the date of the offense.

apologized. The victim did not feel comfortable remaining in the apartment and left within minutes of informing Maricel about the incident. The victim and Maricel reported the incident to the police. The defendant was convicted of indecent assault and battery on a person over the age of fourteen.

Discussion. The defendant contends that his motion for a required finding of not guilty should have been allowed because the Commonwealth failed to offer sufficient evidence to prove the element of indecency. "To prove indecent assault and battery on a person age fourteen or older, the Commonwealth is required to establish that the defendant committed 'an intentional, unprivileged, and indecent touching of the victim.'" Commonwealth v. Kennedy, 478 Mass. 804, 810 (2018), quoting Commonwealth v. Marzilli, 457 Mass. 64, 67 (2010), overruled on other grounds by Commonwealth v. LaBrie, 473 Mass. 754 (2016). Conduct is "indecent" when it is "fundamentally offensive to contemporary moral values . . . which the common

---

[3] The dimensions of the towel were unspecified other than the statement, "[I]t wasn't that big of a towel." The defendant contends that he was wearing a towel during the kiss. The victim, however, testified that the defendant was not clothed during the kiss, and said that the defendant had "a towel around him" after she and her sister returned, but that "[h]e didn't have anything [on] before." Maricel also testified that the defendant was naked while they were in bed before the incident. Either way, the defendant was not clothed. Moreover, viewing the evidence in the light most favorable to the Commonwealth, the defendant was naked.

sense of society would regard as immodest, immoral, and improper." Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991). The entire context of the offensive touching must be examined. See Commonwealth v. Cruz, 93 Mass. App. Ct. 136, 139 (2018), citing Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 565 (2002). "The test for indecency is objective, turning on the nature of the conduct rather than the defendant's intent." Cruz, supra.

The defendant argues that our case law has given examples of facts and circumstances giving rise to an indecent assault not present here, including: forced insertion of a tongue during a kiss; considerable disparity in age (where the defendant was an adult and the victim was a minor), experience or sophistication between the defendant and alleged victim; disparity in authority (where the defendant was in a familial authority over the victim); the defendant's hands on a victim's chest or "private area"; the victim telling the defendant to stop; forced contact; and sexually aggressive behavior. See Castillo, 55 Mass. App. Ct. at 566-567. This list, however, is illustrative, not exhaustive.

Our case law recognizes the mouth is an "intimate part of the body," as "the vast majority of people are very discriminating in who they allow to touch . . . this bodily orifice." Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 625

(2004), quoting People v. Rivera, 138 Misc. 2d 570, 571 (N.Y. Sup. Ct. 1988). See Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562 (2018). Under certain circumstances, touching of the mouth, even without insertion of the tongue, may be considered an indecent act.[4] See Commonwealth v. Vazquez, 65 Mass. App. Ct. 305, 307 (2005). We conclude that such circumstances exist here.

The victim awoke to the defendant hovering over her, naked, and kissing her on the mouth. The victim and the defendant were not in a dating relationship; the defendant was in a relationship with the victim's older sister. See Colon, 93 Mass. App. Ct. at 563 (whether there is existing relationship between victim and defendant should be considered when assessing indecent conduct). The defendant acted surreptitiously, as he acted in the night while the victim and the other occupants of the apartment were asleep, and the victim was unable to consent. See Cruz, 93 Mass. App. Ct. at 139 (defendant led victim to private area), citing Castillo, 55 Mass. App. Ct. at 567 (defendant alone in basement with victim); Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 254 (2008) (sleep renders a

---

[4] We need not get tangled in whether a fully clothed prince may kiss Sleeping Beauty or revive Snow White. At least while one is naked, when one is not in a preexisting intimate relationship, kissing a sleeping woman, a spellbound princess, or otherwise, is not consistent with our "contemporary moral values." Mosby, 30 Mass. App. Ct. at 184.

victim incapable of consent).  As soon as the victim awoke, she unmistakably demonstrated her lack of consent by standing up, shouting at the defendant, and immediately seeking help from her sister.  See Castillo, supra.

In addition, when the victim questioned the defendant's actions, the defendant responded, "I couldn't help myself.  I didn't know what I was doing."  See generally Rosa, 62 Mass. App. Ct. at 627 (defendant's "sexually suggestive remarks" considered in indecency analysis); Castillo, 55 Mass. App. Ct. at 567 (defendant's "provocative remarks" considered in indecency analysis).  See also Commonwealth v. Roe, 90 Mass. App. Ct. 801, 809 (2016) (defendant's "inappropriate remarks" considered in indecency analysis).  Cf. Cruz, 93 Mass. App. Ct. at 140 ("No suggestive comments [or] propositions").

The defendant's reliance on Cruz is not persuasive.  In Cruz, a nearly sixty year old man hugged the thirteen year old victim multiple times, initially with permission and then a third time without, and kissed her on the neck once.  The victim described the latter hug as "tight, like a hug that her parents would give her"; thus, "tending to suggest that . . . the contact itself was not sexual."  Id. at 139-140.  Moreover, the hug was not accompanied by suggestive comments or propositions. After one of the hugs, the defendant began to lift the victim's shirt, but neither exposed nor touched the victim's skin.  Id.

at 140.  This court held that these touchings therefore did not rise to the level of indecent assault and battery, which is "highly fact-specific."  Id. at 141.  Cruz is distinguishable from this case.  The defendant here kissed the victim on the mouth, which is an intimate part of the body, while she was asleep and unable to consent, and while he was naked.

We conclude that under the circumstances presented by this case, there was sufficient evidence to allow the jury to determine that the defendant's actions were indecent.  Accordingly, the judge did not err in denying the defendant's motion for a required finding of not guilty; thus, the judgment is affirmed.

So ordered.