SUPREME JUDICIAL COURT 
 
 ROBERTO CRUZ vs. COMMONWEALTH

 
 Docket:
 SJC-13503
 
 
 Dates:
 April 3, 2024 – October 16, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, & Georges, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Erroneous Conviction. Assault and Battery. Statute, Construction. Practice, Civil, Summary judgment. Practice, Criminal, Nolle prosequi.
 
 

  
      Civil action commenced in the Superior Court Department on May 28, 2019.
      The case was heard by John T. Lu, J., on a motion for summary judgment.
      After review by the Appeals Court, 102 Mass. App. Ct. 685 (2023), the Supreme Judicial Court granted leave to obtain further appellate review.
      Kate R. Isley, Assistant Attorney General, for the Commonwealth.
      Steven J. Rappaport for the plaintiff.
      Annie Prossnitz, Maria Makar, & Meg Gould, of Illinois, Radha Natarajan, Katharine Naples-Mitchell, & Mark Loevy-Reyes, for New England Innocence Project & another, amici curiae, submitted a brief.
      GEORGES, J.  This case concerns the limits of eligibility for claimants under G. L. c. 258D, which provides compensation for certain erroneous convictions.  After the Appeals Court reversed the claimant Roberto Cruz's convictions of two counts of indecent assault and battery on a child, Commonwealth v. Cruz, 93 Mass. App. Ct. 136, 141 (2018) (Cruz I), he commenced a civil action in the Superior Court seeking compensation under G. L. c. 258D.  The Commonwealth moved for summary judgment, contending that the Appeals Court's reversal of Cruz's convictions did not tend to establish his innocence of simple assault and battery, a charge the Commonwealth had voluntarily dismissed by filing a nolle prosequi before the case went to the jury.
      For the reasons discussed below, we conclude that misdemeanor charges do not fall within the scope of the eligibility requirement set forth in G. L. c. 258D, § 1 (C) (vi).  Accordingly, we affirm the Superior Court's denial of the Commonwealth's motion for summary judgment and remand the case for further proceedings.[1]
      1.  Background.  a.  Facts.  The facts underlying the criminal case are set forth by the Appeals Court in Cruz I, 93 Mass. App. Ct. at 137-138.  As relevant here, the indictments stemmed from Cruz, an almost sixty year old male, touching Jane,[2] a thirteen year old female, several times over the course of a single day.  Id. at 137.
      In 2014, Jane worked as a summer intern at an aviation company.  Id.  One day, while Jane was working, Cruz -- whom she had met before at the airport -- waved her over and began speaking to her.  Id.  He told Jane that he would like to give her a hug as a gift for her upcoming birthday, but they should do it in another room.  Id.  Jane went to a nearby hallway and, after waiting a few minutes for Cruz, returned to work.  Id.
      Later that day, Jane saw Cruz in the airplane hangar and asked if he still wanted a hug.  Id.  Cruz hugged her briefly around her shoulders and then asked if she wanted another hug in a different room.  Id.  He led her to a separate room, where he hugged her for the second time, "a little tighter," and kissed her neck.  Id.  Cruz then hugged Jane a third time, "lower down, on her waist and hips," without her permission.  Id.  He then stepped back grabbing Jane's shirt at her hip, while lifting it slightly and grabbing one of her hands, doing so without exposing or touching Jane's skin.  Id.
      b.  Procedural history.  Cruz was indicted on three counts of indecent assault and battery on a child under the age of fourteen, subsequent offense, G. L. c. 265, § 13B; one count of child enticement, G. L. c. 265, § 26C (b); and one count of simple assault and battery, G. L. c. 265, § 13A (a).  The Commonwealth filed a nolle prosequi as to the simple assault and battery charge, and the jury later convicted Cruz of two counts of indecent assault and battery on a child.[3]
      On direct appeal, Cruz argued "there was insufficient evidence to establish that the assaults in question were indecent."  Cruz I, 93 Mass. App. Ct. at 138.  The Appeals Court agreed and reversed, holding that "the evidence was insufficient to establish that [Cruz's] conduct intruded upon a private or intimate area of the body so as to be considered 'indecent' within the meaning of the criminal statute."  Id. at 140.
      Following the reversal of his convictions, Cruz commenced a civil lawsuit in the Superior Court against the Commonwealth, seeking compensation, pursuant to G. L. c. 258D, for his wrongful felony convictions.  The Commonwealth moved for summary judgment, arguing that Cruz failed to meet the eligibility requirements of G. L. c. 258D, § 1 (B) (ii), because the "judicial relief" he received in Cruz I did not tend to establish his innocence of all crimes charged in the indictment.  More specifically, the Commonwealth argued that the reversal of his indecent assault and battery convictions in Cruz I did not "tend[] to establish" his innocence of the charge of assault and battery.  In support of its position, the Commonwealth highlighted a footnote in Cruz I, where the Appeals Court observed that "the defendant's behavior toward [the child] may have constituted the criminal offense of assault and battery, in the sense of an intentional, but unconsented to, touching."  Cruz I, 93 Mass. App. Ct. at 141 n.8.
      A Superior Court judge (motion judge) denied the Commonwealth's motion for summary judgment, reasoning that the Commonwealth's failure to present "sufficient evidence on an essential element of [indecent conduct was] probative of innocence," and that the prosecution "could not have proceeded on the theory of simple assault and battery" because the record lacked evidence on the issue of consent.  Accordingly, the motion judge concluded that the reversal of Cruz's convictions was made "on grounds which tend to establish [his] innocence."  The Commonwealth appealed from the motion judge's order.
      The Appeals Court, in a split decision, reversed the motion judge, reasoning that because Cruz I "expressly concluded" that Cruz could have been prosecuted on the indictment charging simple assault and battery, Cruz therefore failed to meet the eligibility requirement of the erroneous convictions statute.  Cruz v. Commonwealth, 102 Mass. App. Ct. 685, 691 (2023) (Cruz II).  In the Appeals Court's view, the Commonwealth's decision to file a nolle prosequi on the assault and battery charge did not suggest actual innocence within the meaning of G. L. c. 258D, § 1 (B) (ii), because "[t]here may be a myriad of reasons that the Commonwealth chose to do so."  Id.[4]
      We granted Cruz's application for further appellate review.
      2.  Discussion.  We review the denial of a motion for summary judgment de novo.  See Irwin v. Commonwealth, 465 Mass. 834, 842 n.18 (2013).  Regarding the erroneous convictions statute, "[w]here the grounds for relief are not in dispute, the question whether they 'tend to establish' that the plaintiff did not commit the crime is primarily a question of law."  Guzman v. Commonwealth, 458 Mass. 354, 365 (2010).
      a.  Statutory interpretation.  General Laws c. 258D, § 1 (A), authorizes a claimant to bring certain claims for monetary compensation against the Commonwealth for "an erroneous felony conviction resulting in incarceration," waiving the Commonwealth's sovereign immunity as to such claims.  It was enacted in response to a growing number of exonerations in Massachusetts as well as throughout the nation.  See St. 2004, c. 444, § 1; Guzman, 458 Mass. at 355.  See also Renaud v. Commonwealth, 471 Mass. 315, 317 (2015) ("The erroneous convictions statute was enacted to ensure that 'those erroneously convicted but factually innocent be afforded equal opportunities to obtain compensation'" [citation omitted]).
      An eligible claimant must satisfy one of two alternative threshold requirements set forth in G. L. c. 258D, § 1 (B).  See Guzman, 458 Mass. at 360 ("the eligibility requirements of c. 258D were intended to limit the class of persons entitled to pursue relief, and in this sense perform a screening function").  Relevant here, § 1 (B) (ii) limits eligibility to "those who have been granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish the innocence of the individual as set forth in [§ 1 (C) (vi)]."  Per the language of § 1 (C) (vi), "innocence" requires that the claimant "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony."  Accordingly, because assault and battery, G. L. c. 265, § 13A (a), is a misdemeanor,[5] the dispositive question is whether the definition of "innocence" set forth in § 1 (C) (vi) encompasses misdemeanor offenses.  We answer it does not.[6]
      We review questions of statutory interpretation de novo.  See Commonwealth v. Moreau, 490 Mass. 387, 389 (2022).  The "principal source of insight" into legislative intent is the language of the statute (citation omitted).  Guzman, 458 Mass. at 361.  If the statutory language is clear, we "must give effect to its plain and ordinary meaning and . . . need not look beyond the words of the statute itself" (citation omitted).  Doherty v. Civil Serv. Comm'n, 486 Mass. 487, 491 (2020).  To the extent there is any lingering ambiguity, "we may turn to extrinsic sources, including the legislative history and other statutes, for assistance in our interpretation" (quotation and citation omitted).  Commonwealth v. Wynton W., 459 Mass. 745, 747 (2011).
      i.  Plain text.  The Commonwealth contends that, by using the word "felony" in other parts of the statute, but not in the first portion of § 1 (C) (vi), where the statute refers to "crimes or crime charged" in the indictment or complaint, the Legislature did not intend to limit the phrase "crimes or crime charged" to felony offenses.  We are unconvinced.
      We first consider the surrounding words of the sentence in which this phrase appears.  As noted, the statute defines "innocence" to mean the claimant did not commit the "crimes or crime charged" or "any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony" (emphasis added).  G. L. c. 258D, § 1 (C) (vi).  The provision makes no reference to misdemeanors, and the latter half of the definition refers only to felonies.
      The subsequent uses of the term "felony" in § 1 (C) (vi) suggest that the phrase "crimes or crime charged" was only intended to refer to felonies, consistent with the remainder of the clause.  Under the canon of statutory interpretation known as noscitur a sociis, "the coupling of words [in a sentence] denotes an intention that they should be understood in the same general sense" (citation omitted).  People for the Ethical Treatment of Animals, Inc. v. Department of Agric. Resources, 477 Mass. 280, 287 (2017).  Aside from the reference to "crimes or crime charged," G. L. c. 258D, § 1 (c) (vi), the only other offenses that a claimant must prove that he or she did not commit are expressly limited to felonies.  Thus, even though the term "crime" is more general than the term "felony," it should be understood in the same sense to better comport with the legislative intent.  See Outfront Media LLC v. Assessors of Boston, 493 Mass. 811, 818 (2024) ("The literal meaning of a general term in an enactment must be limited so as not to include matters that, although within the letter of the enactment, do not fairly come within its spirit and intent" [citation omitted]).
      Beyond § 1 (C) (vi) itself, we must also consider the statute more broadly in assessing the meaning of this phrase.  See Commonwealth v. Fleury, 489 Mass. 421, 429 (2022) ("statute[s] must be interpreted 'as a whole'; it is improper to confine interpretation to the single section to be construed" [citation omitted]).  In doing so, various aspects of the statute suggest that the phrase "crimes or crime charged" refers only to felonies charged.
      First, the focus of G. L. c. 258D is wrongful felony convictions, with § 1 entitled, in relevant part, "[e]rroneous felony conviction claims" (emphasis added).  See Tracer Lane II Realty, LLC v. Waltham, 489 Mass. 775, 779 (2022) (statute's title indicative of legislative intent).  Additionally, the word "felony" is used repeatedly throughout the statute.  For example, the word "felony" appears five times in § 1 (B) (ii), which defines the class of claimants eligible to seek relief as
"those who have been granted judicial relief . . . on grounds which tend to establish [their] innocence .  . . , and if (a) the judicial relief vacates or reverses the judgment of a felony conviction, and the felony indictment or complaint used to charge the individual with such felony has been dismissed, or if a new trial was ordered, the individual was not retried and the felony indictment or complaint was dismissed or a nolle prosequi was entered, or if a new trial was ordered the individual was found not guilty at the new trial; and (b) at the time of the filing of an action under this chapter no criminal proceeding is pending or can be brought against the individual by a district attorney or the attorney general for any act associated with such felony conviction" (emphases added).
G. L. c. 258D, § 1 (B) (ii).  Similarly, § 1 (A) provides that "[a] claim may be brought against the commonwealth for an erroneous felony conviction resulting in incarceration" (emphasis added).  G. L. c. 258D, § 1 (A).
      By contrast, the word "misdemeanor" appears only in a single provision, § 1 (C) (vii).  That subsection, which sets forth one of the elements of a claimant's burden at trial, applies "to the extent that [the claimant] is guilty of conduct that would have justified a conviction of any lesser included misdemeanor arising out of or reasonably connected to facts supporting the indictment or complaint."  G. L. c. 258D, § 1 (C) (vii).  In other words, the statute contemplates that, in certain instances, a claimant may prevail even where the claimant engaged in conduct that would constitute a misdemeanor offense.  Thus, it would be discordant for the definition of "innocence" set forth in G. L. c. 258D, § 1 (B) and (C) (vi), to nonetheless require a showing that no misdemeanor offense was committed.
      ii.  Legislative history.  Any remaining doubt that the meaning of "crimes or crime charged" in § 1 (C) (vi) is limited to felony offenses is resolved by the statute's legislative history.  See Commonwealth v. Mogelinski, 466 Mass. 627, 633 (2013) (statute's meaning "must be reasonable and supported by the purpose and history of the statute" [citation omitted]).  See also Northeast Energy Partners, LLC v. Mahar Regional Sch. Dist., 462 Mass. 687, 693 (2012).  Prior to the enactment of G. L. c. 258D, one of the earliest legislative proposals defined innocence to mean that the claimant "did not commit any of the crimes charged in the indictment or complaint, any lesser included offenses of the crimes so charged, or any crimes directly related to the facts underlying said crimes or offenses" (emphasis added).  2002 House Doc. No. 5401.  This exact language was also adopted in a subsequent September 2003 bill.  See 2003 House Doc. No. 4166.  Notably, the consistent usage of the more generalized terms "offenses" and "crimes" in these bills, rather than "felonies," suggests that they were intended to require a showing of innocence as to both felony and misdemeanor offenses.
      Thereafter, a subsequent version of the bill added the word "felony" to the definition of innocence set forth in what would become § 1 (C) (vi).  2003 House Doc. No. 4255.  The language in subsequent bills continued to include the word "felony," with minor modifications over time.  See 2004 House Doc. No. 4981; 2004 House Doc. No. 5148; 2004 Senate Doc. No. 2519.  These additions suggest that the Legislature intended to narrow the definition of innocence set forth in § 1 (C) (vi) to refer specifically to innocence of felony offenses.  See Northeast Energy Partners, LLC, 462 Mass. at 693 ("General expressions may be restrained by relevant circumstances showing a legislative intent that they be narrowed and used in a particular sense" [citation omitted]).
      b.  Cruz's claim under G. L. c. 258D.  Having determined that the phrase "crimes or crime charged" under § 1 (C) (vi) is limited to felony offenses, we conclude that Cruz has satisfied § 1 (B) (ii)'s eligibility requirement for two reasons.  First, simple assault and battery is a misdemeanor crime that falls outside the scope of the statute's eligibility requirement.  Second, as the Commonwealth concedes, Cruz I tends to establish that Cruz is innocent of the charges of indecent assault and battery on a child under the age of fourteen, felonies for which he was indicted and convicted.  See Irwin, 465 Mass. at 844 ("'grounds which tend to establish' a plaintiff's innocence require that a conviction be overturned 'on grounds resting upon facts and circumstances probative of the proposition that the claimant did not commit the crime'" [citation omitted]).
      3.  Conclusion.  We affirm the order denying the Commonwealth's motion for summary judgment and remand the matter to the Superior Court for trial.  We express no view on the merits of Cruz's claims.
                                          
 
So ordered.
footnotes

          [1] We acknowledge the amicus brief submitted by the New England Innocence Project and the Criminal Justice Institute at Harvard Law School in support of Cruz.
               [2] A pseudonym.
          [3] The jury acquitted Cruz of child enticement and the remaining count of indecent assault and battery on a child.  Cruz I, 93 Mass. App. Ct. at 136 n.1.  After he was convicted of the two counts of indecent assault and battery on a child, Cruz pleaded guilty to the subsequent offense portion of the crimes.  Id. at 136 n.2.
               [4] In a dissenting opinion, Justice Rubin argued that the majority "gut[ted] the erroneous convictions statute," by "mak[ing] it impossible for those exonerated individuals to sue if either . . . the Commonwealth has dismissed any of the charges against them, or a judge can imagine some hypothetical, uncharged crime the individual's behavior . . . may constitute" (quotation and citation omitted).  Cruz II, 102 Mass. App. Ct. at 692 (Rubin, J., dissenting).
          [5] General Laws c. 274, § 1, defines crimes punishable by death or imprisonment in a State prison as felonies and all other crimes as misdemeanors.  Simple assault and battery is a misdemeanor offense because it is punishable by a maximum sentence of two and one-half years in a house of correction or a fine of not more than $1,000.  See G. L. c. 265, § 13A (a).
               [6] We leave for another day the question whether a claimant who has been "granted judicial relief . . . on grounds which tend to establish [the claimant's] innocence" of any felonies of which the claimant was convicted must show that he or she has also been granted such judicial relief for any felonies that the Commonwealth initially charged in the indictment or complaint but subsequently nol prossed.  G. L. c. 258D, § 1 (B) (ii).