NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-516

COMMONWEALTH

vs.

ARMAN R. GEVORGYAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged by complaint on July 10, 2019, with one count of indecent assault and battery on a person fourteen or older.  G. L. c. 265, § 13H.  His motion to dismiss for lack of probable cause was denied, as was a motion to reconsider that denial.  On April 25, 2022, he pleaded guilty and was sentenced to probation for a term of three years.  He was ordered to stay away from and have no contact with the complainant, to undergo a mental health evaluation and participate in any follow-up treatment, to undergo a sex offender evaluation, and to register with the Sex Offender Registry Board.  The defendant's probation was terminated on

August 13, 2024, after his motion for early termination of probation was allowed.

The defendant subsequently filed a motion to vacate his guilty plea, which was denied without a hearing. He filed a timely motion for reconsideration, which was also denied without a hearing, and he has now appealed. Although the defendant makes several arguments about the inadequacy of the plea colloquy and ineffective assistance of counsel, his primary argument is that there were not sufficient facts upon which to base a conviction of indecent assault and battery on a person over fourteen.[1] We agree.

During the change of plea hearing, the prosecutor recited the following facts. In June of 2019, the nineteen year old complainant was working a scheduled shift at an ice cream shop. The defendant was one of the owners of that business. The complainant and the defendant were the only two people at the location at that time. The complainant's hands got cold in the process of cutting frozen fruit, and she was leaning against the counter to warm them up. The defendant walked up to her and asked her what was wrong. She stated that her hands were cold.

---

[1] The defendant does not raise any separate arguments regarding the denial of his motion for reconsideration, and we therefore do not address it further.

The defendant reached out, took her hands in his, and began rubbing his hands over her hands and fingers. He then began blowing on her fingers to warm them up.

The defendant was close to her personal space, and while he was rubbing her hands, he removed his right hand and began to rub her back. Out of nowhere, he stepped even closer to her, grabbed her forcefully with both of his hands, and attempted to pull her into him and kiss her. She pushed him back and asked what he was doing. She was extremely alarmed. He said that he was sorry and then began rubbing her back again. He then grabbed her, forced her into a hug, and kissed her cheek on the right side of her face.

Discussion. A postconviction motion to withdraw a guilty plea is treated as a motion for new trial. See Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992). "In reviewing the denial or grant of a new trial motion, we 'examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion.'" Commonwealth v. Weichell, 446 Mass. 785, 799 (2006), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

"A judge may not accept a guilty plea 'unless there are sufficient facts on the record to establish each element of the offense.'" Commonwealth v. Hart, 467 Mass. 322, 325 (2014),

3

quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). "Whether the record establishes that the judge had a factual basis for each crime charged is a different question from whether the defendant's plea was voluntary and intelligent." Commonwealth v. Abreu, 102 Mass. App. Ct. 51, 55 (2022). "A plea does not relieve the Commonwealth of its burden of proof, and if there is no factual basis for the crime charged, a fortiori, there can be no valid plea." Commonwealth v. Loring, 463 Mass. 1012, 1013 (2012).

Pursuant to the statute at issue here, "the intentional, unjustified touching of private areas such as 'the breasts, abdomen, buttocks, thighs, and pubic area of a female,'" Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991), quoting Commonwealth v. De La Cruz, 15 Mass. App. Ct. 52, 59 (1982), is "indecent," Mosby, supra. "However, a touching need not be confined to these listed areas of the body to be deemed indecent." Commonwealth v. Miozza, 67 Mass. App. Ct. 567, 571 (2006). "A touching is indecent when, judged by the 'normative standard' of societal mores, it is 'violative of social and behavioral expectations,' Commonwealth v. Gallant, 373 Mass. 577, 580-581, 589 (1977), in a manner 'which [is] fundamentally offensive to contemporary moral values . . . [and] which the common sense of society would regard as immodest, immoral and

4

improper.' Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991), quoting from Commonwealth v. Perretti, 20 Mass. App. Ct. 36, 43 (1985)." Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 314-315 (1997). There are at least two cases in which certain types of contact with a person's mouth and its interior have been prosecuted under the statute and held to be indecent. See, e.g., Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 566-567 (2002) (defendant forcibly putting his tongue into mouth of his stepdaughter's fourteen year old friend after making provocative remarks to her was indecent). See also, e.g., Commonwealth v. Mamay, 407 Mass. 412, 418 (1990) (doctor inserting his tongue into patient's mouth at outset of raping her supported conviction of indecent assault and battery separate from anal and vaginal rape he then perpetrated).

There is no case in this Commonwealth of which we are aware, however, that has ever held that a closed-mouth kiss on the cheek, a hug, or a hand on a back, alone or in combination, constitutes indecent assault and battery. This case, rather, is controlled by Commonwealth v. Cruz, 93 Mass. App. Ct. 136 (2018). Indeed, it is an a fortiori case.

Cruz, 93 Mass. App. Ct. 136, involves a conviction of two counts of indecent assault and battery on a child (subsequent offense). Cruz, who was at the time of the incident an almost

sixty year old man, told the complainant, a thirteen year old girl, apparently with Asperger's Syndrome, that he would like to give her a hug as a gift for her birthday in another room. Id. at 137. The defendant then subsequently hugged her briefly around the shoulders before asking her if she wanted another hug. Id. He then led her into an empty room, gave her a second hug -- a little tighter -- and kissed her on the neck. Id. He later gave her a third hug without permission, touching her lower down on her waist and hips. Id. He stepped back, with one hand grabbing her polo shirt at her right hip and lifting it slightly -- not exposing or touching her skin -- and grabbed her hand. Id. He then put the shirt down and asked her to turn around. Id.

In that case, despite the vulnerable status of the child -- the complainant here of course is an adult -- and the obviously inappropriate hugs and kiss on the neck, this court concluded that the defendant's conviction had to be vacated because it was not "indecent" within the meaning of the statute. Cruz, 93 Mass. App. Ct. at 140-141. We reach the same conclusion with respect to defendant's conduct here.

That is, of course, not to say that defendant's conduct was appropriate. Because this was in a work environment, it may

6

well have constituted sexual harassment, something on which we need not and do not express an opinion.[2]

Because the facts recited were insufficient to support the finding of guilt of indecent assault and battery, the defendant could not properly have been charged, and it was error to accept his guilty plea and to enter an order of conviction. His motion to vacate his guilty plea thus should have been allowed. In light of our conclusion, we need not address the other issues raised by the defendant.

We reverse the order denying the defendant's motion to vacate his guilty plea.

So ordered.

By the Court (Rubin, Grant & Hodgens, JJ.[3]),

Paul Little

Clerk

Entered: May 19, 2026.

---

[2] The defendant asserts that the complainant brought a civil lawsuit against the defendant on that ground and received monetary damages.

[3] The panelists are listed in order of seniority.