GAZIANO, J.
**123 In this case, we must determine whether the defendant's conviction of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B, was aggravated by his status as an alleged mandated reporter at the time of the offense. See G. L. c. 265, § 13B 1/2 (b ). Because there was no evidence that the defendant was acting in his professional capacity when he committed the offense, we must conclude that the judge erred in denying the defendant's motion for a required finding of not guilty as to G. L. c. 265, § 13B 1/2 (b ). We also conclude, however, that there was sufficient evidence to convict the defendant of the lesser included offense. G. L. c. 265, § 13B.
1. Background. a. Facts. We recite the facts the jury could have **124 found, in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677, 393 N.E.2d 370 (1979).
The victim, Jane,[1] lived in New Bedford with her mother and her grandmother.
*1237 Her adult cousin lived in a nearby apartment. The defendant met and began dating Jane's mother when Jane was approximately eighteen months old. The two dated "on and off" for approximately ten years. Throughout that period, the defendant was a police officer in a K-9 unit. He was trained as a mandated reporter. The defendant often visited the mother's house. Frequently, he, the mother, and Jane watched television together, or Jane and the defendant watched television while the mother was upstairs.
On one occasion when Jane was approximately eight years old, she, the mother, and the defendant went to Jane's cousin's apartment so that the defendant could repair a broken television stand. The defendant was in plain clothes. Upon arriving at the apartment, he went upstairs to inspect the television stand. Jane remained downstairs, where she sat on a couch and watched television.
The defendant later came downstairs, and sat on the couch near Jane. He tickled her. She then "ended up on his lap," such that she was "facing out," away from the defendant. The defendant clasped Jane's waist with his hands and repeatedly pushed her downward while thrusting his "private area" upward into Jane's "butt." The defendant then told Jane "not to tell anybody because he'd get into trouble."
Jane said that, although the defendant's conduct made her "uncomfortable," she thought that his actions were normal. Later, when Jane was approximately ten years old, she told one of her friends about the defendant's conduct. Several days later, the friend informed her mother about what Jane had said. The friend's mother then contacted Jane's mother, who apparently filed a police report. By that time, Jane had come to regard the defendant's conduct as "weird." She also was experiencing anxiety, nervousness, stomach pain, headaches, and hair loss.
b. Procedure. The defendant was indicted on three separate counts of indecent assault and battery on a child under the age of fourteen by a mandated reporter, in violation of G. L. c. 265, § 13B 1/2 (b ). At the time of trial, the defendant was sixty years old and had retired after approximately thirty-two years of employment as a police officer.
**125 Prior to trial, the Commonwealth filed a motion requesting the judge to take judicial notice that the defendant, as a police officer, was a mandated reporter at all times relevant to the three charges. The defendant objected on due process grounds; he argued that the Commonwealth was required to prove beyond a reasonable doubt that he had been a mandated reporter at the time of the offense. The judge concluded that "whether or not a police officer is a mandated reporter" is "a matter of law." The judge then informed the parties that he would instruct the jury that "a police officer is a mandated reporter."
At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty, pursuant to Mass. R. Crim. P. 25 (a), as amended, 420 Mass. 1502 (1995); the motion was denied. At the close of all the evidence, the judge denied the defendant's renewed motion for a required finding. In his final charge, the judge instructed the jury that a police officer is a mandated reporter. After two days of deliberation, the jury convicted the defendant of one count of indecent assault and battery on a child under fourteen by a mandated reporter, pertaining to the events at the cousin's apartment, and acquitted him of the other charges.
The defendant moved to set aside the verdict or, in the alternative, to set aside so much of the verdict as included the *1238 mandated reporter element of G. L. c. 265, § 13B 1/2 (b ). The judge denied the motion. The judge then sentenced the defendant to the minimum mandatory term of incarceration in a State prison of not less than ten years and not more than ten years and one day. The defendant filed an appeal in the Appeals Court, and we transferred the case to this court on our own motion.
2. Discussion. The defendant argues that the judge erred in denying his motion for a required finding because the evidence was insufficient to support a conviction of indecent assault and battery on a child under fourteen, or a determination that the defendant was a mandated reporter at the time of the offense.[2] In deciding whether the Commonwealth met its burden to establish each element of the offense charged, we rely on the familiar **126 Latimore standard. See Commonwealth v. Sanchez, 476 Mass. 725, 730, 73 N.E.3d 246 (2017) ; Latimore, 378 Mass. at 676-677, 393 N.E.2d 370.
a. Indecent touching. To prove that a defendant is guilty of indecent assault and battery on a child under fourteen, the Commonwealth must establish beyond a reasonable doubt that (1) the alleged victim was not yet fourteen years of age at the time of the alleged offense; (2) the defendant intentionally touched the alleged victim without legal justification or excuse; and (3) the touching was indecent. Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 616, 925 N.E.2d 533 (2010) ( Doe No. 151564 ). See Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562, 106 N.E.3d 1125 (2018), quoting Commonwealth v. Cruz, 93 Mass. App. Ct. 136, 138, 99 N.E.3d 827 (2018) ; G. L. c. 265, § 13B.
The defendant contests the sufficiency of the evidence that his touching of Jane was "indecent." Although the type of conduct that constitutes an indecent touching is not defined in G. L. c. 265, § 13B, an "indecent" touching has been understood as one that "offends contemporary standards of decency and moral values," Doe, No. 151564, 456 Mass. at 616, 925 N.E.2d 533, to the extent that a "reasonable opportunity" is provided "for a person of ordinary intelligence to know what is prohibited" (citation omitted). Commonwealth v. Castillo, 55 Mass. App. Ct. 563, 566, 772 N.E.2d 1093 (2002). The test is an objective one, Colon, 93 Mass. App. Ct. at 562, 106 N.E.3d 1125, and looks to the totality of the circumstances. Castillo, supra.
Here, the defendant's actions of holding Jane by the waist and forcing her to move her body such that her "butt" came into repeated contact with his genitals clearly met the standard of "indecent." It is well established that "the intentional, unjustified touching of private areas such as the breasts, abdomen, buttocks, thighs, and pubic area ... constitutes an indecent assault and battery." See Colon, 93 Mass. App. Ct. at 562, 106 N.E.3d 1125, quoting Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184, 567 N.E.2d 939 (1991) ; Cruz, 93 Mass. App. Ct. at 138, 99 N.E.3d 827. See also Commonwealth v. Trowbridge, 419 Mass. 750, 757, 647 N.E.2d 413 (1995) (no error in instructing jury that "an assault and battery was indecent if it involved the touching of the genitals, buttocks or breasts").
*1239 Viewing the facts the jury could have found in the light most favorable to the Commonwealth, a rational jury could have concluded beyond a reasonable doubt that the touching at issue was indecent. See Castillo, 55 Mass. App. Ct. at 567, 772 N.E.2d 1093. The judge thus properly denied the defendant's motion for a required finding as to the charge of indecent assault and battery on a child under **127 fourteen. See G. L. c. 265, § 13B.
b. Mandated reporter. In a motion filed after the jury returned their verdict, the defendant argued that, because he had not been acting in his capacity as a police officer at the time of the offense, the evidence was insufficient to prove beyond a reasonable doubt that he was subject to enhanced punishment under G. L. c. 265, § 13B 1/2 (b ). The judge denied the motion. He again concluded that, as a matter of law, a defendant who is employed as a police officer is a mandated reporter under G. L. c. 265, § 13B 1/2 (b ), even if the defendant was not acting in a professional capacity at the time of the offense.
On appeal, the Commonwealth acknowledges that the evidence was devoid of any suggestion that the defendant had been acting in his professional capacity at the time of the offense. Indeed, the only relevant evidence was to the contrary. Jane testified that the defendant had been wearing plain clothes, suggesting that the defendant, who worked as a uniformed K-9 officer, had been off duty when he went to the cousin's house to fix a television stand. Thus, the limited issue before us is whether the defendant nonetheless may be convicted under G. L. c. 265, § 13B 1/2 (b ), as a mandated reporter.
"Our primary duty in interpreting a statute is 'to effectuate the intent of the Legislature in enacting it.' " Commonwealth v. Brown, 479 Mass. 600, 606, 97 N.E.3d 349 (2018), quoting Sheehan v. Weaver, 467 Mass. 734, 737, 7 N.E.3d 459 (2014). "The starting point of our analysis is the language of the statute," which serves as our "principal source of insight into [the] Legislative purpose." City Elec. Supply Co. v. Arch Ins. Co., 481 Mass. 784, 788, 119 N.E.3d 735 (2019), quoting Simon v. State Examiners of Electricians, 395 Mass. 238, 242, 479 N.E.2d 649 (1985). "Ordinarily, where the language of a statute is plain and unambiguous, it is conclusive as to legislative intent." Thurdin v. SEI Boston, LLC, 452 Mass. 436, 444, 895 N.E.2d 446 (2008). "Where the words of the statute are ambiguous," however, "we strive to make it an effectual piece of legislation in harmony with common sense and sound reason and consistent with legislative intent." Commonwealth v. Cassidy, 479 Mass. 527, 534, 96 N.E.3d 691, cert. denied, --- U.S. ----, 139 S. Ct. 276, 202 L.Ed.2d 136 (2018), quoting Commonwealth v. Pon, 469 Mass. 296, 302, 14 N.E.3d 182 (2014).
General Laws c. 265, § 13B 1/2 (b ), provides, in relevant part:
"Whoever commits an indecent assault and battery on a child under the age of [fourteen] and ... at the time of commission of said indecent assault and battery, the defendant was a **128 mandated reporter as is defined in [ G. L. c. 119, § 21 ], shall be punished by imprisonment in the state prison for life or for any term of years, but not less than [ten] years."
Under the plain language of the statute, the Legislature thus restricted application of G. L. c. 265, § 13B 1/2 (b ), only to those defendants who were mandated reporters "at the time of commission" of the offense. To read the statute otherwise would render those words surplusage. See City Elec. Supply Co., 481 Mass. at 790, 119 N.E.3d 735, quoting *1240 Volin v. Board of Pub. Accountancy, 422 Mass. 175, 179, 661 N.E.2d 639 (1996) ("[w]e do not interpret a statute so as to render it or any portion of it meaningless" [quotation omitted] ). If a defendant was not a mandated reporter at the time of the offense, he or she may not be convicted under G. L. c. 265, § 13B 1/2 (b ).
Accordingly, we must determine whether the defendant was a mandated reporter at the time of the offense. As noted, G. L. c. 265, § 13B 1/2 (b ), looks to G. L. c. 119, § 21, a provision that enumerates qualifying professions, for a definition of the term "[m]andated reporter." A "police officer" is included in that list. Because G. L. c. 119, § 21, offers little additional guidance with respect to the proper construction of G. L. c. 265, § 13B 1/2 (b ),[3] however, we turn to other provisions of the statute, reading them **129 together to discern the meaning of G. L. c. 265, § 13B 1/2 (b ). See LeClair v. Norwell, 430 Mass. 328, 333, 719 N.E.2d 464 (1999) ("When the meaning of a statute is brought into question, a court properly should read other sections and should construe them together" [citation omitted] ).
General Laws c. 119, § 51A (a ), which defines the duties of a mandated reporter, provides relevant guidance. Under that provision, "[a] mandated reporter who, in his professional capacity, has reasonable cause to believe that a child is suffering physical or emotional injury resulting from ... sexual abuse ... shall immediately communicate with the [Department of Children and Families (department) ] orally and, within [forty-eight] hours, shall file a written report with the department detailing the suspected abuse or neglect." G. L. c. 119, § 51A (a ).[4] The Legislature thus made clear that a mandated reporter's duty arises as to information learned only in his or her "professional capacity." Id. Indeed, we previously recognized this understanding of a mandated reporter's duty when reviewing a particular mandated reporter's criminal acts. See, e.g., *1241 Garney v. Massachusetts Teachers' Retirement Sys., 469 Mass. 384, 396, 14 N.E.3d 922 (2014) ("As [the defendant's] criminal conduct was independent of his role as a teacher, he was not required under the plain meaning of G. L. c. 119, § 51A, to report this conduct").
The Commonwealth argues that an individual who is employed in any of the professions listed in G. L. c. 119, § 21, is a mandated reporter for purposes of G. L. c. 265, § 13B 1/2 (b ), regardless of whether the individual was acting in his or her professional capacity at the time of the offense. Under the Commonwealth's reasoning, an animal control officer, G. L. c. 119, § 21, for example, could be convicted under G. L. c. 265, § 13B 1/2 (b ), for an offense committed during an extended vacation that was in no way related to any professional duty. The drafters of G. L. c. 265, § 13B 1/2 (b ), could not have intended that result. See Cassidy, 479 Mass. at 534, 96 N.E.3d 691 ("[w]e will not adopt [even] a literal construction of a statute if the consequences of such construction are absurd or unreasonable" [citation omitted] ). Moreover, to hold a mandated reporter criminally liable under G. L. c. 265, § 13B 1/2 (b ), for conduct that occurred outside the individual's professional capacity **130 would be inconsistent with the plain language of G. L. c. 119, § 51A (a ), and G. L. c. 265, § 13B 1/2 (b ).
Reading the statutory provisions together, as we must, we conclude that to convict a defendant under G. L. c. 265, § 13B 1/2 (b ), the Commonwealth must prove beyond a reasonable doubt that, at the time of the commission of the offense, the defendant was a mandated reporter who was acting in his or her professional capacity. See, e.g., Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 753-756, 54 N.E.3d 1120 (2016) (middle school music teacher convicted as mandated reporter for conduct that took place on two school field trips and in school's music room).
The judge's determination that an individual who is employed as a police officer necessarily is a mandated reporter under G. L. c. 265, § 13B 1/2 (b ), at any time, regardless of the individual's professional activities at that point, and his instruction to the jury to that effect, were error. The question whether a defendant was acting in a professional capacity at the time of the commission of an offense prohibited by G. L. c. 265, § 13B 1/2 (b ), is a question of fact for the jury.
Here, however, because the Commonwealth presented no evidence to suggest that the defendant was acting in his capacity as a police officer at the time of the crime, the judge should have allowed the defendant's motion for a required finding of not guilty. See, e.g., Mass. R. Crim. P. 25 (a) ("The judge ... shall enter a finding of not guilty ... if the evidence is insufficient as a matter of law to sustain a conviction ...").
3. Conclusion. The defendant's conviction under G. L. c. 265, § 13B 1/2 (b ), is vacated and set aside. The matter is remanded to the Superior Court for entry of a judgment of guilty of the lesser included offense of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B, and for resentencing.
So ordered.

A pseudonym.

The defendant argues also that trial counsel was ineffective for failing to request an instruction on the lesser included offense of indecent assault and battery on a child under fourteen. See G. L. c. 265, § 13B. The defendant's argument is unavailing. When the judge concluded that he was "going to instruct that a police officer is a mandated reporter," a lesser included instruction was foreclosed.

Under G. L. c. 119, § 21, a "[m]andated reporter" is
"a person who is: (i) a physician, medical intern, hospital personnel engaged in the examination, care or treatment of persons, medical examiner, psychologist, emergency medical technician, dentist, nurse, chiropractor, podiatrist, optometrist, osteopath, allied mental health and human services professional ...., drug and alcoholism counselor, psychiatrist or clinical social worker; (ii) a public or private school teacher, educational administrator, guidance or family counselor, child care worker, person paid to care for or work with a child in any public or private facility, or home or program funded by the commonwealth ... that provides child care or residential services to children or that provides the services of child care resource and referral agencies, voucher management agencies or family child care systems or child care food programs, licensor of the department of early education and care or school attendance officer; (iii) a probation officer, clerk-magistrate of a district court, parole officer, social worker, foster parent, firefighter, police officer or animal control officer; (iv) a priest, rabbi, clergy member, ordained or licensed minister, leader of any church or religious body, accredited Christian Science practitioner, person performing official duties on behalf of a church or religious body that are recognized as the duties of [the individual] to supervise, educate, coach, train or counsel a child on a regular basis; (v) in charge of a medical or other public or private institution, school or facility or that person's designated agent; or (vi) the child advocate."

Pursuant to G. L. c. 119, § 51A (c ), a mandated reporter who violates G. L. c. 119, § 51A, "shall be punished by a fine of not more than $1,000." See Matter of a Grand Jury Investigation, 437 Mass. 340, 353, 772 N.E.2d 9 (2002) ("failure to make their mandatory reports was a crime"). No such charges are at issue here.