NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-193

COMMONWEALTH

vs.

ALBERTO D. EXPOSITO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the Superior Court, the defendant, Alberto D. Exposito, was convicted of aggravated rape and abuse of a child, and two counts of indecent assault and battery on a child under fourteen (indecent assault and battery).[1] On appeal, he contends that the Commonwealth's failure to provide "adequate notice of the dates of the charges against him" violated his due process rights. We affirm.

Background. We summarize the facts at trial in the light most favorable to the Commonwealth. The defendant started

_____

[1] The defendant was also charged with two additional counts of indecent assault and battery, and two counts of intimidation of a witness. The judge allowed the defendant's motion for a required finding of not guilty as to one count of indecent assault and battery, and found the defendant not guilty of the other count of indecent assault and battery and both counts of intimidation of a witness.

dating the victim's mother in early 2015, and moved into the victim's mother's home in or around 2016. For the next three years, the defendant lived with the victim's mother, her son, and her daughter (the victim). The victim was approximately six years old when she met the defendant.[2]

At trial, the prosecutor asked the victim to describe events that occurred "around" June 2017. In response, the victim described an incident during which the defendant played "a game" where he tied her legs and hands behind her back, pulled down her pants, and "slapped [her] butt." She next described how the defendant tickled her stomach, thighs, and armpits, specifying that he tickled both of her "upper inner thighs." Finally, she testified to another incident where the defendant tickled her inner thighs, and "went from under [her] pantleg and into [her] underwear, . . . touching [her] private." The victim specified that the defendant was touching the "inside" of her "private" with his fingers. The defendant then had the victim "pinky promise[]" not to tell anyone "because it was a big mistake." The victim further testified that the events occurred when she was seven or eight years old. The victim's mother testified that "around June of 2017" or the beginning of July, the victim disclosed the incidents to her.

---

[2] The victim was thirteen years old at the time of trial.

The defendant testified and denied the allegations. The defense centered on the victim's alleged lack of credibility and inconsistent testimony, and the Commonwealth's failure to satisfy the reasonable doubt standard.

Discussion. The indictments alleged that the sexual assaults and rape occurred "on or about between June 1, 2017 and September 1, 2017." The Commonwealth's response to the defendant's motion for bill of particulars also stated that the crimes occurred between June 1, 2017, and September 1, 2017. As noted above, and consistent with the dates in the indictments and bill of particulars, the prosecutor asked the victim at trial to describe events that occurred in "2017, around just June." The victim did so. Later during direct examination, the victim testified that the events occurred when she was "seven or eight" years old. Given this potential inconsistency, defense counsel elicited on cross-examination that "these events happened" when she was seven or eight years old, and had the victim acknowledge that she "would have been seven or eight years old in 2014 and 2015." On redirect examination, the victim further acknowledged that she did not "remember exactly when" these incidents occurred. The defendant now argues, in essence, that a variance between the dates of offense delineated in the indictments and the dates of offense described in the victim's trial testimony constituted a violation of his due

3

process rights, thus warranting appellate relief.[3]  The claim is unavailing for various reasons.

First, we disagree with the defendant's claim that the Commonwealth provided untimely and insufficient notice of the charges and circumstances surrounding the crimes.  The victim testified to events occurring around June 2017, which was within the time frame stated in the indictment and bill of particulars.  This evidence was corroborated by the mother's testimony that the victim disclosed the abuse to her "around June of 2017" or July of that year.  That the victim also testified that the events occurred when she was seven or eight years old does not mandate a finding of a prejudicial variance.  See Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 532 n.4 (2012) (where victim "may have testified to events . . . outside the time period alleged in the indictments" court rejected claim of prejudicial variance because, inter alia, "the victim's testimony was not necessarily contrary to the indictments").  Here, the alleged inconsistency in the victim's testimony provided fodder for

---

[3] The Commonwealth argues that the defendant failed to "contemporaneously object" at trial to the victim's ambiguous testimony and thus the due process violation was not preserved for appeal.  Where we discern no prejudice to the defendant, the standard of review is immaterial to our analysis in the present case.  See G. L. c. 277, § 35 ("A defendant shall not be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defence").

4

cross-examination and was used by defense counsel to argue that her testimony was neither consistent nor credible. Indeed, the judge properly considered the alleged "variance between the dates in the indictment and [the victim's] testimony" as an issue that "goes to her credibility . . . [a]nd whether I ultimately credit her testimony or not." Furthermore, the date of offense is not an essential element of the crimes alleged. See id. ("Time is not an essential element of rape of a child, and it need not be precisely alleged"). We also note, in the context of the present case, that it is unsurprising that the victim did not identify the precise dates of the offenses with exactitude. See Commonwealth v. Gamache, 35 Mass. App. Ct. 805, 808-809 (1994) ("appellate courts recognize that young children have considerable difficulty with the concept of time, and that a child's inability to place events in a temporal framework does not render a child incompetent").

We likewise disagree with the defendant's claim that the purported variance may have precluded him from asserting an alibi defense. The defendant made no proffer -- at trial or on appeal -- as to the possible viability of such a defense. Furthermore, he did not file a motion for a new trial through which he could have attempted to present facts, witnesses, and specifics to support any alibi defense. See Mass. R. Crim. P.

30 (b), as appearing in 435 Mass. 1501 (2001).  The claim is speculative.

Finally, the defense at trial was that the victim was not credible, and that the incidents did not happen.  The record reflects that the judge conducted a thorough and fair trial and found the defendant not guilty of one count of indecent assault and battery and two counts of intimidation of a witness.[4]  See Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997) (difficult to find prejudice where defendant acquitted on two of three indictments).  See also Commonwealth v. Lassiter, 80 Mass. App. Ct. 125, 132 (2011).  Of further note, this was a jury-waived trial in which we presume that the judge instructed himself correctly on the law.  See Commonwealth v. Kerns, 449 Mass. 641, 650 n.13 (2007), quoting Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000) (judge in jury-waived trial presumed to have "correctly instructed himself" on law, absent contrary indication).  Accordingly, under these circumstances and under the facts of this case, we are confident that the alleged

---

[4] After trial, the defendant filed a motion pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), for entry of a finding of guilty on a lesser included offense. The judge denied that motion, ruling in relevant part that the "defense rested largely, if not entirely, on the credibility of the victim's and the defendant's conflicting testimony.  After much reflection, I remain convinced beyond any reasonable doubt, that the defendant digitally achieved vaginal penetration."

6

variance did not impact the trial or prejudice the defense.  See Commonwealth v. Sineiro, 432 Mass. 735, 737-738 (2000) (defendant not prejudiced by lack of more specific dates and times in indictments where he "was furnished with copies of police reports and grand jury minutes," "[h]is defense at trial was that the crimes had never occurred," and "[t]he claimed lack of precision in the indictments did not bear on the central question before the jury concerning the credibility of the victims").  See also G. L. c. 277, § 35, and note 3, supra.[5]

Judgments affirmed.

By the Court (Vuono, Neyman & D'Angelo, JJ.[6]),

Clerk

Entered:  October 25, 2024.

---

[5] The defendant's argument regarding the insufficiency of evidence to prove the first count of indecent assault and battery is likewise unavailing.  In view of the evidence adduced at trial, viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the judge properly denied the motions for a required finding of not guilty.  This evidence included the victim's repeated testimony regarding the defendant's touching of her "upper inner thighs."  See generally Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562-563 (2018).  See also G. L. c. 277, § 35.

[6] The panelists are listed in order of seniority.